UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| ALDEN HALL | NO.: 16-00102-BAJ-RLB |

RULING

Before the Court is **Defendant's Opposition to 404(b) Evidence (Doc. 30)**, in which Defendant expresses her opposition to the Government's intention to introduce various evidence at trial. On April 21, 2017, the Court addressed the matter during a hearing.

Pursuant to Federal Rule of Evidence 404(b)(2), the United States of America ("Government") provided notice to Defendant that it intended to introduce the following evidence at trial: "evidence of uncharged instances of [Defendant's] converting Department of Education funds into personal funds;" "[p]ortions of a transcript of [Defendant's] testimony before the Louisiana Board of Cosmetology on June 11, 2012;" "forensic analysis of . . . [D]efendant's bank account [that] shows how the flow of funds . . . moved from [the bank account of Defendant's school] into funds paid directly to [Defendant] or to her other bank accounts;" and "analysis [regarding] how [Defendant] channeled other unlawfully obtained Pell disbursements to herself or to her other bank accounts." (Doc. 30 at pp. 1-2 (quoting a private letter from the

1

Government)). Defendant objects to the introduction of the uncharged instances of Defendant's conversion of Department of Education funds and to the two forensic analyses of Defendant's bank accounts (collectively, "conversion and forensic analysis evidence") on the ground that such evidence is not relevant because Count Six of the Indictment charges Defendant only with engaging in unlawful money transactions in connection with her alleged conduct on or about December 21, 2011, in violation of 18 U.S.C. § 1957; Defendant asserts that the conversion and forensic analysis evidence concerns transactions that bear no relation to the charged conduct that allegedly took place in late-December 2011.[1] Defendant argues that this evidence is not relevant under Rule 401 and that, if it is relevant, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues under Rule 403. Defendant further asserts that the only issue to which the conversion and forensic analysis evidence is relevant is Defendant's character, and thus the evidence is inadmissible pursuant to Rule 404. Defendant likewise argues that her testimony before the Louisiana Board of Cosmetology ("testimony evidence") is inadmissible because it concerns matters that are irrelevant to the above-captioned matter under Rule 401 and that, if it is relevant, its probative value is substantially outweighed by unfair prejudice and confusing the issues under Rule 403.

---

[1] Defendant concedes that a *portion* of this evidence is relevant to the December 2011 conduct and does not oppose the introduction of *that* evidence. Doc. 30 at pp. 4-5. This Ruling concerns the balance of the conversion and forensic analysis evidence.

"'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). "Intrinsic evidence is admissible to 'complete the story of the crime by proving the immediate context of events in time and place . . .' and to 'evaluate all of the circumstances under which the defendant acted.'" *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (first quoting *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996); then quoting *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)). "Intrinsic evidence does not implicate [R]ule 404(b), and 'consideration of its admissibility pursuant to [that Rule] is unnecessary." *Id.* (quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994)).

The Court finds that the conversion and forensic analysis evidence is intrinsic in nature.[2] The evidence is "inextricably intertwined" with the evidence of the conduct alleged in Count 6 because it demonstrates the manner in which the alleged money laundering was or may have been carried out as part of a larger scheme. *Williams*, 900 F.2d at 825. Further, the conversion and forensic analysis evidence, because of its nature as intrinsic evidence, is highly relevant, and its relevance is not substantially outweighed by the danger of unfair prejudice to the Defendant or the

---

[2] At a hearing on June 14, 2017, the Government stated that the witness who will testify regarding the conversion and forensic analysis evidence will only testify as to the *facts* surrounding such evidence; he will not provide an expert opinion on how persons generally obscure funds through various banking transactions.

jury's confusing the issues pursuant to Rule 403.

After reviewing the testimony evidence, the Court similarly finds that it is intrinsic in nature. The testimony evidence focuses on representations that Defendant made to the Louisiana Board of Cosmetology regarding which students were enrolled in programs that were approved for the disbursement of Pell Grant funds and which were not, as well as the number of hours that students in fact attended classes. Because the Government has alleged that Defendant engaged in a scheme to fraudulently obtain funds from the Department of Education – namely, Pell Grant funds – the testimony evidence is intrinsic evidence because it evinces an attempt to conceal the alleged scheme. Such evidence thus will allow the jury to "evaluate all of the circumstances under which the defendant acted." *Randall*, 887 F.2d at 1268. Additionally, the testimony evidence, because of its nature as intrinsic evidence, is highly relevant, and its relevance is not substantially outweighed by the danger of unfair prejudice to the Defendant or the jury's confusing the issues pursuant to Rule 403

Accordingly, this evidence – evidence of uncharged instances of Defendant's converting Department of Education funds into personal funds; portions of a transcript of Defendant's testimony before the Louisiana Board of Cosmetology on June 11, 2012; forensic analysis of Defendant's bank account that shows how the flow of funds moved from the bank account of Defendant's school into funds paid directly to Defendant or to her other bank accounts; and analysis regarding how Defendant

channeled other unlawfully obtained Pell disbursements to herself or to her other bank accounts – is **ADMISSIBLE**.

Baton Rouge, Louisiana, this 16th day of June, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**